```
RICHARD LESPIER,              :
                              :
      Petitioner,             :
                              :              PRISONER
v.                            :     Case No. 3:14-cv-411 (RNC)
                              :
UNITED STATES OF AMERICA,     :
                              :
      Respondent.             :
```

RULING AND ORDER

Petitioner Richard Lespier brings this action pro se under 28 U.S.C. § 2255 challenging his conviction and sentence for murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1).  The Government  moves to dismiss the petition, arguing that petitioner's claims are untimely and without merit. For reasons that follow, the petition is dismissed.

I.    Background

In 1998, petitioner was indicted for murder in aid of racketeering.  See United States v. Lespier, 3: 98-cr-102 (AHN). He was found guilty by a jury and sentenced to life imorisonment, as required by § 1959(a)(1).  The Second Circuit affirmed the judgment.  United States v. Adorno, 5 F. App'x 65, 65 (2d Cir. 2001)(summary order).  A motion for a new trial was denied.

On March 16, 2009, petitioner moved to set aside the judgment and dismiss the indictment.  Lespier v. United States, 3:09-cv-549 (RNC).  The motion was denied.  Petitioner moved to reopen the case to file a notice of appeal.  The Court denied this motion on January 26, 2011, and petitioner filed a notice of

appeal.  The Second Circuit granted the Government's motion for summary affirmance on December 1, 2011.  Lespier v. United States, No. 11-498 (2d Cir. Dec 1, 2011).

On November 26, 2013, petitioner filed a motion in the Second Circuit for leave to file a successive petition under 28 U.S.C. § 2255, which the Court denied.  Lespier v. United States, No. 13-4461 (2d Cir. Dec 26, 2013).

On March 28, 2014, petitioner filed the present action claiming his sentence was enhanced based on facts not found by the jury in violation of Alleyne v. United States, 133 S. Ct. 2151 (2013).  On February 17, 2015, petitioner amended the petition to add claims alleging that he was deprived of his right to effective assistance of counsel.

II.  Discussion

Section 2255(f)[1] requires that a federal habeas petitioner file his petition within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court

---

[1] Though the Court construed a previous filing as a petition brought pursuant to § 2255, petitioner was not given an opportunity to amend or withdraw the filing and, accordingly, this petition is treated as his initial petition.

2

and made retroactively applicable to cases on
collateral review; or
(4) the date on which the facts supporting the claim
or claims presented could have been discovered
through the exercise of due diligence.

Petitioner filed his claim more than a decade after his
conviction became final.  He does not allege any facts supporting
his claims that could not have been discovered years ago through
the exercise of due diligence.

Petitioner relies on § 2255(f)(3) to avoid the statute of
limitations, arguing that his sentence was based on judicial
factfinding in violation of <u>Alleyne</u>.  There was no such error.
In <u>Alleyne</u>, the Court held that any fact that increases the
mandatory minimum sentence must be found by a jury.  133 S. Ct.
at 2153.  In this case, a sentence of life imprisonment was
mandated by the applicable statute.

Moreover, <u>Alleyne</u> does not apply retroactively to cases on
collateral review.  The rule announced in <u>Alleyne</u> could apply
retroactively if it qualified as a "watershed" rule implicating
fundamental fairness.  <u>See</u> <u>Teague v. Lane</u>, 489 U.S. 288, 311
(1989).  <u>Alleyne</u> does not announce such a a watershed rule.
<u>See</u> <u>Gil v. United States</u>, No. 14-cv-1336(KMW), 2015 WL 4617235,
at *4 (S.D.N.Y. Aug. 3, 2015).

III. <u>Certificate of Appealability</u>

In a proceeding under § 2255, a certificate of appealability
may issue "only if the applicant has made a substantial showing

of the denial of a constitutional right." 28 U.S.C. §
2253(c)(2). Under this standard, a certificate of appealability
will not issue unless reasonable jurists could debate whether the
petition should have been resolved in a different manner, or the
issues are adequate to deserve encouragement to proceed further.
<u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Petitioner has not
made this showing, so a certificate of appealability will not
issue.

IV. <u>Conclusion</u>

Accordingly, the petition is hereby dismissed.

The Clerk may enter judgment and close the case.

So ordered this 4th day of October 2017.

_____/s/_____
Robert N. Chatigny
United States District Judge
